UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 1:18-cv-1060 |
| | ) | |
| UNKNOWN HEIRS, DEVISEES, LEGATEES, | ) | |
| SUCCESSORS, EXECUTORS, ADMINISTRATORS, | ) | |
| PERSONAL REPRESENTATIVES, GUARDIANS, | ) | |
| TRUSTEES, RECEIVERS, GRANTEES AND | ) | |
| LESSEES OF MARION DUDLEY, DECEASED; | ) | |
| BRIDGETTE MARTIN, KAREN D. MARTIN, | ) | |
| LESTER T. DUDLEY, LARRY M. DUDLEY, | ) | |
| MICHAEL L. DUDLEY, KENNARD WASTEWATER | ) | |
| UTILITY, STATE OF INDIANA; and UNKNOWN | ) | |
| OWNERS & NON-RECORD CLAIMANTS, | ) | |
| | ) | |
| Defendants. | ) | |

# C O M P L A I N T

The Plaintiff, United States of America, on behalf of its agency, Secretary of Housing and Urban Development, its successors and assigns, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, and states:

## JURISDICTION/VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1345 and 12 U.S.C. § 1715, et seq., and venue is properly lodged in this Court.

## COUNT I (Action for Debt)

As claim against the Borrower, Marion Dudley (Deceased), the Plaintiff asserts:

1. On or about June 25, 2004, the Borrower, Marion Dudley (Deceased), executed and delivered to Wells Fargo Bank, N.A., a Home Equity Conversion Adjustable Rate Note, attached hereto as Exhibit A.   Under paragraph 2 of the Note, titled "BORROWER'S PROMISE

TO PAY; INTEREST," Marion Dudley (deceased) agreed to the following:

> In return for amounts to be advanced by Lender to or for the benefit of Borrower under the terms of a Home Equity Conversion Loan Agreement dated June 25, 2004 ("Loan Agreement"), Borrower promises to pay to the order of Lender a principal amount equal to the sum of all Loan Advances made under the Loan Agreement with interest.   All amounts advanced by Lender, plus interest, if not paid earlier, are due and payable on December 5, 2066.   Interest will be charged on unpaid principal at the rate of three and 720/1000 percent (3.7200%) per year until the full amount of principal has been paid. The interest rate may change in accordance with Paragraph 5 of this Note.   Accrued interest shall be added to the principal balance as a Loan Advance at the end of each month.

2.     Simultaneously with the execution and delivery of the Note, and in order to secure the payment of said Note, Marion Dudley (deceased), executed and delivered to Wells Fargo Bank, N.A., an Adjustable Rate Home Equity Conversion Mortgage, attached hereto as Exhibit B.

3.     On or about December 4, 2007, Wells Fargo Bank, N.A. conveyed and assigned its interest in the Note and Mortgage to Secretary of Housing and Urban Development, an agency of the United States of America, attached hereto as Exhibit C.

4.     Plaintiff is the holder/owner of the attached Adjustable Rate Note and Mortgage (Exhibits A and B) by virtue of the assignment (Exhibit C).

5.     The Borrower, Marion Dudley, died on June 13, 2008, leaving any interest that she had in the subject real estate to her heirs at law.   A copy his Certified Death Record is attached hereto as Exhibit D.

6.     Said Borrower defaulted under the terms of the Adjustable Rate Note and Home Equity Conversion Mortgage, and/or otherwise defaulted in regard to her obligations to Plaintiff under the provisions of the documents attached as Exhibits A, B, and C.

7.     All conditions precedent to the assertion of this cause of action against the said Borrower, Marion Dudley (deceased), have been satisfied and/or occurred.

8.      As of October 24, 2017, the balance of the indebtedness of the Borrower and the subsequent interest accrual to the date of judgment is the following with respect to the attached debt instruments:

| **Designation** | **Balance** | **Per Diem Interest Accrual** |
|---|---|---|
| Exhibits A and B | $127,505.85 | $11.28 |

A Statement of Account is attached hereto as Exhibit D.

WHEREFORE, Plaintiff respectfully prays that the Court:

A.      Enter judgment **in rem** in favor of the Plaintiff and against all Defendants, Unknown Heirs, Devisees, Legatees, Successors, Executors, Administrators, Personal Representatives, Guardians, Trustees, Receives, Grantees & Lessees of Marion Dudley, deceased; Bridgette Martin, Karen D. Martin, Lester T. Dudley, Larry M. Dudley, Michael L. Dudley, Kennard Wastewater Utility, State of Indiana; and Unknown Owners & Non-Record Claimants, in the principal amount of $78,257.44, together with interest thereon through October 24, 2017, in the amount of $36,086.28, plus service charges in the amount of $4,830.00, plus MIP in the amount of $8,332.13, plus interest at the rate of $11.28 per day from and after October 25, 2017, until the date of entry of judgment, plus such further costs and expenses as may be incurred to the date of judgment, and all other costs herein without relief from valuation or appraisement laws;

B.      Provide the Plaintiff with such other and further relief as is just and proper in the premises.

## COUNT II (Action for Mortgage Foreclosure)

As claim against the Defendants, Unknown Heirs, Devisees, Legatees, Successors,

Executors, Administrators, Personal Representatives, Guardians, Trustees, Receives, Grantees &

Lessees of Marion Dudley, deceased; Bridgette Martin, Karen D. Martin, Lester T. Dudley,

Larry M. Dudley, Michael L. Dudley, Kennard Wastewater Utility, State of Indiana; and

Unknown Owners & Non-Record Claimants, the Plaintiff asserts:

1.      To secure the indebtedness evidenced by Exhibit A, the Borrower, Marion Dudley

(deceased), executed and delivered to Wells Fargo Bank, N.A., an Adjustable Rate Home Equity

Conversion Mortgage (hereinafter referred to as "Mortgage") dated June 25, 2004, on certain real

estate described as follows:

> **The following described real estate in Henry County, in the State of Indiana, to-wit:**
>
> **Commencing at the Southwest corner of Lot 15 in the Martindale, Madison, and Hinshaw Addition to the Town of Kennard, Indiana, running East 80 feet, thence North 72 feet, thence West 80 feet, thence South 80 feet to the place of beginning. Said real estate is taken off of West part of Lot 15 and 16 in Martindale, Madison and Hinshaw Addition to the Town of Kennard, County of Henry, Indiana.**
>
> **ALSO,**
> **A strip of ground 25 feet in width off of the North side of Lot 16 in Martindale, Madison, and Hinshaw's Addition to the Town of Kennard, Henry County, Indiana.**
>
> **ALSO,**
> **A part of Lot 16 in Martindale, Madison, and Hinshaw's Addition to the Town of Kennard, Henry County, Indiana, being more particularly described as follows, to-wit:**
> **Beginning at a point in the West line of said Lot 16, 25 feet South of the Northwest corner thereof: thence South on the West line of said Lot 16, 30 feet; thence East and parallel with the North line of said Lot 16, 80 feet; thence North parallel with the West line of said Lot 16, 30 feet; thence West and parallel with the North line of said Lot 16, 80 feet to the place of beginning.**
>
> **Commonly known as: 105 W. Madison Street, Kennard, IN 47351**

2.      Said Mortgage was duly recorded on July 7, 2004, as Instrument #200405836, in

the Office of the Recorder of Henry County. A True and accurate copy of said Mortgage is

4

attached hereto as Exhibit B.

3. Wells Fargo Bank, N.A. conveyed and assigned its interest in the Note and Mortgage to Secretary of Housing and Urban Development, on April 3, 2008, which was duly recorded as Instrument #200802056 in the Office of the Recorder of Henry County. A true and accurate copy of said assignment is attached hereto as Exhibit C.

4. Plaintiff is the holder/owner of the Note and Mortgage.

5. Borrower, Marion Dudley (deceased), defaulted under the terms of the Note and Mortgage, and/or otherwise defaulted in regard to her obligations to Plaintiff under the provisions of the Note and Mortgage and the entire indebtedness of the Borrower is now due.

6. All conditions precedent to the assertion of this cause of action against the said Borrower and Defendants have been satisfied and/or has occurred.

7. The defendants, other than the Borrower designated in this action purports to have interest in the real estate described in Exhibit B, are named as defendants to answer the extent of their interest.

8. Henry County, Indiana may claim to have liens on the subject real estate in real property taxes either delinquent or not yet due and payable – or both; however, because said liens are not subject to foreclosure in this suit, Henry County has not been joined in this suit, and the real estate shall remain subject to said liens subsequent to the foreclosure sought herein.

9. The City of Kennard, Indiana may claim to have liens on the subject property in regard to assessed delinquent municipal sewer obligations; however, because said liens are not subject to foreclosure in this suit, that entity has not been joined in this suit, and the real estate shall remain subject to said liens subsequent to the foreclosure sought herein.

10.     Further, the Kennard Wastewater Utility asserts an interest in said real estate by virtue of sewer lien filed against the Defendant Marion Dudley, in the sum of $278.84, recorded January 12, 2010, Instrument# 201000206, filed in the Office of the Recorder of Henry County. A copy of said lien is attached as Exhibit E.

11.     Further, the State of Indiana asserts an interest in said real estate by virtue of tax warrant No. 07812647 filed against the Defendant Marion E. Dudley, in the sum of $79.86, filed April 5, 2010.   A copy of said lien is attached as Exhibit F.

12.     A Last Will and Testament of Marion Dudley was filed in the Henry Circuit Court on October 10, 2008, cause no. 33C01-0810-EU-0056. The document lists her children which are Karen D. Martin, Lester T. Dudley, Michael L. Dudley and Larry M. Dudley. The petitioner Bridgette M. Martin is named as her granddaughter. All individuals have been named to assert any interest that they may have in said property. A copy of the will is attached as Exhibit G.

**WHEREFORE**, Plaintiff respectfully prays that the Court:

A.     Declare Plaintiff's Real Estate Mortgage to be a valid, first and subsisting lien on the real estate superior to all claims, liens or interests asserted or which may be asserted against the real estate by the named Defendants, Unknown Heirs, Devisees, Legatees, Successors, Executors, Administrators, Personal Representatives, Guardians, Trustees, Receives, Grantees & Lessees of Marion Dudley, deceased; Bridgette Martin, Karen D. Martin, Lester T. Dudley, Larry M. Dudley, Michael L. Dudley, Kennard Wastewater Utility, State of Indiana; and Unknown Owners & Non-Record Claimants;

B.     Enter an Order foreclosing the Real Estate Mortgage of Plaintiff on the real estate and foreclosing and barring all of the Defendants' equity of redemption and interest in the real estate and directing the sale of the real estate pursuant to applicable law in order to pay the judgment of Plaintiff, with the proceeds of said sale to be first applied to the indebtedness of the

Plaintiff secured by the Real Estate Mortgages hereby foreclosed, and with any then-remaining

overplus paid to the Clerk of the Court to be disposed of as the Court shall direct;

   C.  Provide the Plaintiff with such other and further relief as is just and proper in

the premises.

        Respectfully submitted,

        JOSH J. MINKLER
        United States Attorney


     By:  *s/ Debra G. Richards*
        Debra G. Richards
        Assistant United States Attorney
        Office of the United States Attorney
        10 West Market, Suite 2100
        Indianapolis, Indiana 46204

# ADJUSTABLE RATE SECOND NOTE
## (HOME EQUITY CONVERSION)

FHA Case No

JUNE 25          , 2004

105 W. MADISON STREET, KENNARD, INDIANA 47351
[Property Address]

## 1. DEFINITIONS

"Borrower" means each person signing at the end of this Note.  "Secretary" or "Lender" means the Secretary of Housing and Urban Development or his or her authorized representatives.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for amounts to be advanced by Lender to or for the benefit of Borrower under the terms of a Home Equity Conversion Loan Agreement dated   JUNE 25, 2004          ("Loan Agreement"), Borrower promises to pay to the order of Lender a principal amount equal to the sum of all Loan Advances made under the Loan Agreement with interest. All amounts advanced by Lender, plus interest, if not paid earlier, are due and payable on   DECEMBER 05    ,  2066 . Interest will be charged on unpaid principal at the rate of   THREE AND 720/1000          percent (     3/7200 %) per year until the full amount of principal has been paid. The interest rate may change in accordance with Paragraph 5 of this Note. Accrued interest shall be added to the principal balance as a Loan Advance at the end of each month.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument" or "Second Security Instrument." That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.  Borrower also executed a First Security Instrument and First Note when the Second Security Instrument and this Note were executed.

## 4. MANNER OF PAYMENT

**(A) Time**

Borrower shall pay all outstanding principal and accrued interest to Lender upon receipt of a notice by Lender requiring immediate payment in full, as provided in Paragraph 7 of this Note.

**(B) Place**

Payment shall be made at the Office of the Housing-FHA Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 7th Street, S.W., Washington, DC 20410, or any such other place as Lender may designate in writing by notice to Borrower.

**(C) Limitation of Liability**

Borrower shall have no personal liability for payment of the debt. Lender shall enforce the debt only through sale of the Property covered by the Security Instrument ("Property").

## 5. INTEREST RATE CHANGES

**(A) Change Date**

The interest rate may change on the first day of   SEPTEMBER, 2004      , and on ☐ that day of each succeeding year  ☒  the first day of each succeeding month. "Change Date" means each date on which the interest rate could change.

**(B) The Index**

Beginning with the first Change Date, the interest rate will be based on an Index. "Index" means the weekly average yield on United States Treasury Securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board. "Current Index" means the most recent Index figure available 30 days before the Change Date. If the Index (as defined above) is no longer available, Lender will use as a new Index any index prescribed by the Secretary. Lender will give Borrower notice of the new Index.

**(C) Calculation of Interest Rate Changes**

Before each Change Date, Lender will calculate a new interest rate by adding a margin of   ONE AND 500/1000 percentage points (    1.50000 %) to the Current Index. Subject to the limits stated in Paragraph 5(D) of this Note, this amount will be the new interest rate until the next Change Date.

**(D) Limits on Interest Rate Changes**

☐ The interest rate will never increase or decrease by more than two percentage points (2.0%) on any single Change Date. The interest rate will never be more than five percentage points (5.0%) higher or lower than the initial interest rate stated in Paragraph 2 of this Note.

☒ The interest rate will never increase above   THIRTEEN AND 720/1000      percent (   13.72000  %).

**(E) Notice of Changes**

Lender will give notice to Borrower of any change in the interest rate. The notice must be given at least 25 days before the new interest rate takes effect, and must set forth (i) the date of the notice, (ii) the Change Date, (iii) the old interest rate, (iv) the new interest rate, (v) the Current Index and the date it was published, (vi) the method of calculating the adjusted interest rate, and (vii) any other information which may be required by law from time to time.

GOVERNMENT
EXHIBIT

A

**(F) Effective Date of Changes**

A new interest rate calculated in accordance with paragraphs 5(C) and 5(D) of this Note will become effective on the Change Date, unless the Change Date occurs less than 25 days after Lender has given the required notice. If the interest rate calculated in accordance with Paragraphs 5(C) and 5(D) of this Note decreased, but Lender failed to give timely notice of the decrease and applied a higher rate than the rate which should have been stated in a timely notice, then Lender shall recalculate the principal balance owed under this Note so it does not reflect any excessive interest.

**6. BORROWER'S RIGHT TO PREPAY**

A Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. Any amount of debt prepaid will first be applied to reduce the principal balance of this Note and then to reduce the principal balance of the First Note.

All prepayments of the principal balance shall be applied by Lender as follows:

First, to that portion of the principal balance representing aggregate payments for mortgage insurance premiums;

Second, to that portion of the principal balance representing aggregate payments for servicing fees;

Third, to that portion of the principal balance representing accrued interest due under the Note; and

Fourth, to the remaining portion of the principal balance. A Borrower may specify whether a prepayment is to be credited to that portion of the principal balance representing monthly payments or the line of credit. If Borrower does not designate which portion of the principal balance is to be prepaid, Lender shall apply any partial prepayments to an existing line of credit or create a new line of credit.

**7. IMMEDIATE PAYMENT IN FULL**

**(A) Death or Sale**

Lender may require immediate payment in full of all outstanding principal and accrued interest if:

(i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower, or

(ii) All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred and no other Borrower retains title to the Property in fee simple or retains a leasehold under a lease for less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower or retains a life estate (or retaining a beneficial interest in a trust with such an interest in the Property).

**(B) Other Grounds**

Lender may require immediate payment in full of all outstanding principal and accrued interest, upon approval by an authorized representative of the Secretary, if:

(i) The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower;

(ii) For a period of longer than 12 consecutive months, a Borrower fails to physically occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

(iii) An obligation of the Borrower under the Security Instrument is not performed.

**(C) Payment of Costs and Expenses**

If Lender has required immediate payment in full as described above, the debt enforced through sale of the Property may include costs and expenses, including reasonable and customary attorneys' fees, associated with enforcement of this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**(D) Trusts**

Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph.

**8. WAIVERS**

Borrower waives the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**9. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the Property Address above or at a different address if Borrower has given the Secretary a notice of Borrower's different address.

Any notice that must be given to the Secretary under this Note will be given by first class mail to the HUD Field Office with jurisdiction over the Property or at any other address designated by the Secretary.

**10. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note only through sale of the Property.

**11. RELATIONSHIP TO FIRST NOTE**

**(A) Second Note**

Because Borrower will be required to repay amounts which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to grant this Note to the Secretary.

**(B) Relationship of Secretary Payments to First Note**

Payments made by the Secretary shall be included in the debt due under this Note unless:

(i) The First Note is assigned to the Secretary; or

(ii) The Secretary accepts reimbursements by the Lender for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments, shall be included in the debt under the First Note.

**(C) Notice of Interest Rate Adjustments**

    Borrower agrees that as long as the holder of the First Note continues to make Loan Advances, any notice of interest rate adjustment given to Borrower under Paragraph 5(E) of the First Note shall also be considered to be notice to Borrower under Paragraph 5(E) of this Note, so that the same interest rate shall apply for the First Note and this Note.

**12. SHARED APPRECIATION**

    If Borrower has executed a Shared Appreciation Allonge, the covenants of the Allonge shall be incorporated into and supplement the covenants of this Note as if the Allonge were a part of this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)
**MARION DUDLEY**                                          -Borrower

_____ (Seal)
                                                          -Borrower

RECEIVED FOR RECORD ⑨
AT *1:52 P* M   200405836
RECORDED IN RECORD _____ CK *623*
☐ GA

**JUL 07 2004**

FEE$ *25.00*

*Jessi Pope*
RECORDER, HENRY COUNTY

RECORD AND RETURN TO:
WELLS FARGO BANK, N. A.
3601 MINNESOTA DRIVE, MAC: X4701-022
BLOOMINGTON, MN 55435

─────────── [Space Above This Line For Recording Data] ───────────

State of Indiana                                  FHA Case No.

## ADJUSTABLE RATE
## HOME EQUITY CONVERSION MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on JUNE 25, 2004                . The mortgagor is
MARION DUDLEY

whose address is   105 W. MADISON STREET,
KENNARD, INDIANA 47351
This Security Instrument is given to                                           ("Borrower"),
WELLS FARGO BANK, N. A.
                                                                   , which is
organized and existing under the laws of   THE UNITED STATES OF AMERICA         , and whose address is
P.O. BOX 10304, DES MOINES, IOWA 50306-0304
                        ("Lender"). Borrower has agreed to repay to Lender
amounts which Lender is obligated to advance, including future advances, under the terms of a Home Equity
Conversion Loan Agreement dated the same date as this Security Instrument ("Loan Agreement"). The agreement
to repay is evidenced by Borrower's Note dated the same date as this Security Instrument ("Note"). This Security
Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest at a rate subject
to adjustment, and all renewals, extensions and modifications of the Note, up to a maximum principal amount of
ONE HUNDRED THIRTY FIVE THOUSAND AND 00/100 ----------------------------------
---------------------------------------------------------------------------------------
(U.S. $   135,000.00 (       ); (b) the payment of all other sums, with interest, advanced under Paragraph 5 to
protect the security of this Security Instrument or otherwise due under the terms of this Security Instrument; and
(c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. The
full debt, including amounts described in (a), (b), and (c) above, if not paid earlier, is due and payable on
DECEMBER 05    , 2066 . For this purpose, Borrower does hereby mortgage, grant and convey to Lender the
following described property located in   HENRY              County, Indiana:

00XC : 01/97                              Page 1 of 8

*m.D*

*Recorded as presented, page 7 has*

*BLACK SPACE.*


GOVERNMENT
EXHIBIT
*B*

2 .

PAGE SCANNED

LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT
"A"

which has the address of   105 W. MADISON STREET
                                                      (Street)
KENNARD                    , INDIANA                  47351              ("Property Address");
          (City)                        (State)       (Zip Code)

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights,
appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be
covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the
"Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right
to mortgage, grant and convey the Property and that the Property is unencumbered. Borrower warrants and will
defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants
with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal and Interest. Borrower shall pay when due the principal of, and interest on, the
debt evidenced by the Note.

2. Payment of Property Charges. Borrower shall pay all property charges consisting of taxes, ground rents,
flood and hazard insurance premiums, and special assessments in a timely manner, and shall provide evidence of
payment to Lender, unless Lender pays property charges by withholding funds from monthly payments due to the
Borrower or by charging such payments to a line of credit as provided for in the Loan Agreement.

3. Fire, Flood and Other Hazard Insurance.  Borrower shall insure all improvements on the Property,
whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including
fire. This insurance shall be maintained in the amounts, to the extent and for the periods  required by Lender or
the Secretary of Housing and Urban Development ("Secretary"). Borrower shall also insure all improvements on
the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by
the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any
renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to,
Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if
not made promptly by Borrower.  Each insurance company concerned is hereby authorized and directed to make
payment for such loss to Lender instead of to Borrower and to Lender jointly.  Insurance proceeds shall be applied
to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's
security is not lessened.  If the restoration or repair is not economically feasible or Lender's security would be

03XA - 03/02                                    Page 2 of 8

PAGE SCANNED

.8.

**25. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es).]
☐ Condominium Rider ☐ Shared Appreciation Rider ☐ Planned Unit Development Rider
☐ Other (Specify)

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)
MARION DUDLEY                              -Borrower

_____ (Seal)
                                          -Borrower

——————————— [Space Below This Line For Acknowledgment] ———————————
STATE OF  IN                    HENRY  COUNTY SS:
   On this  25TH   day of   JUNE, 2004 , before me, the undersigned, a Notary Public in and
for said County, personally appeared
MARION DUDLEY

and acknowledged the execution of the foregoing instrument.
WITNESS my hand and official seal.

My commission expires: _____
                                          Notary Public

This instrument was prepared by:          STACY L. WEST
  PEARLINE SEYBLON / NOTARY PUBLIC STATE OF INDIANA
  WELLS FARGO                             HENRY COUNTY
                                          MY COMMISSION EXPIRES 09/04/08

NOTARY PUBLIC
SEAL
INDIANA

03XC : 05/97                    Page 8 of 8

9

**EXHIBIT "A"**

Commencing at the Southwest corner of Lot 15 in the Martindale, Madison, and Hinshaw Addition to the Town of Kennard, Indiana, running East 80 feet, thence North 72 feet, thence West 80 feet, thence South 80 feet to the place of beginning.  Said real estate is taken off of West part of Lot 15 and 16 in Martindale, Madison, and Hinshaw Addition to the Town of Kennard, County of Henry, Indiana.
ALSO,
A strip of ground 25 feet in width off of the North side of Lot 16 in Martindale, Madison, and Hinshaw's Addition to the Town of Kennard, Henry County, Indiana.
ALSO,
A part of Lot 16 in Martindale, Madison, and Hinshaw's Addition to the Town of Kennard, Henry County, Indiana, being more particularly described as follows, to-wit:
Beginning at a point in the West line of said Lot 16, 25 feet South of the Northwest corner thereof; thence South on the West line of said Lot 16, 30 feet; thence East and parallel with the North line of said Lot 16, 80 feet; thence North parallel with the West line of said Lot 16, 30 feet; thence West and parallel with the North line of said Lot 16, 80 feet to the place of beginning.

PAGE SCANNED

PAGE SCANNED

PAGE SCANNED

200405836

9/28

RECEIVED FOR RECORD ⑨
AT _1:53_P_ M   200405837
RECORDED IN RECORD _____ CK 2 of 3
☐CA

JUL 07 2004

FEE $ 25.00

RECORDER, HENRY COUNTY

RECORD AND RETURN TO:
WELLS FARGO BANK, N. A.
3601 MINNESOTA DRIVE, MAC: X4701-022
BLOOMINGTON, MN 55435

--------------------- [Space Above This Line For Recording Data] ---------------------

State of Indiana                    FHA Case No. ·

# ADJUSTABLE RATE
# HOME EQUITY CONVERSION SECOND MORTGAGE

THIS MORTGAGE ("Security Instrument" or "Second Security Instrument") is given on
**JUNE 25, 2004**            . The mortgagor is
**MARION DUDLEY**

whose address is   **105 W. MADISON STREET,**
**KENNARD, INDIANA 47351**                              ("Borrower"). This Security
Instrument is given to the Secretary of Housing and Urban Development, whose address is 451 Seventh Street,
S.W., Washington, DC 20410 ("Lender" or "Secretary"). Borrower has agreed to repay to Lender amounts which
Lender is obligated to advance, including future advances, under the terms of a Home Equity Conversion Loan
Agreement dated the same date as this Security Instrument ("Loan Agreement"). The agreement to repay is
evidenced by Borrower's Note dated the same date as this Security Instrument ("Second Note"). This Security
Instrument secures to Lender: (a) the repayment of the debt evidenced by the Second Note, with interest, at a rate
subject to adjustment, and all renewals, extensions and modifications of the Note, up to a maximum principal
amount of
**ONE HUNDRED THIRTY FIVE THOUSAND AND 00/100** - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
(U.S. $  **135,000.00**       ); (b) the payment of all other sums, with interest, advanced under Paragraph 5 to
protect the security of this Security Instrument or otherwise due under the terms of this Security Instrument; and
(c) the performance of Borrower's covenants and agreements under this Security Instrument and the Second Note.
The full debt, including amounts described in (a), (b), and (c) above, if not paid earlier, is due and payable on
**DECEMBER 05**    , 2066 · For this purpose, Borrower does hereby mortgage, grant and convey to Lender the
following described property located in   **HENRY**                    County, Indiana:

04XC . 01/97                        Page 1 of 8

LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A"

which has the address of  105 W. MADISON STREET
[Street]                                                                                                      ,

KENNARD                        ,  INDIANA                        47351          ("Property Address");
[City]                             [State]                        [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is only encumbered by a First Security Instrument given by Borrower and dated the same date as this Security Instrument ("First Security Instrument"). Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal and Interest. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Second Note.

2. Payment of Property Charges. Borrower shall pay all property charges consisting of taxes, ground rents, flood and hazard insurance premiums, and special assessments in a timely manner, and shall provide evidence of payment to Lender, unless Lender pays property charges by withholding funds from monthly payments due to the Borrower or by charging such payments to a line of credit as provided for in the Loan Agreement. Lender may require Borrower to pay specified property charges directly to the party owed payment even though Lender pays other property charges as provided in this Paragraph.

3. Fire, Flood and Other Hazard Insurance. Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire. This insurance shall be maintained in the amounts, to the extent and for the periods required by Lender. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss to Lender instead of to Borrower and Lender jointly. Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's

10XA : 09/97                                    Page 2 of 8

Case 1:18-cv-01060-RLY-MJD   Document 1-2   Filed 04/06/18   Page 7 of 8 PageID #: 17

**25. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es).]

☐ Condominium Rider ☐ Shared Appreciation Rider ☐ Planned Unit Development Rider
☐ Other (Specify)

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)
**MARION DUDLEY**                                        Borrower

_____ (Seal)
                                                         -Borrower

———————————— [Space Below This Line For Acknowledgment] ————————————

STATE OF IN                               HENRY COUNTY SS:
  On this 25TH    day of   JUNE, 2004   , before me, the undersigned, a Notary Public in and
for said County, personally appeared
**MARION DUDLEY**

and acknowledged the execution of the foregoing instrument.
WITNESS my hand and official seal.

My commission expires: _____
                                             Notary Public
                                             STACY L. WEST
This instrument was prepared by:    NOTARY PUBLIC STATE OF INDIANA
  PEARLINE JOHNSON                        HENRY COUNTY
      WELLS FARGO             MY COMMISSION EXPIRES 09/04/08

07XC : 05/07                     Page 8 of 8

*9 .*

## EXHIBIT "A"

Commencing at the Southwest corner of Lot 15 in the Martindale, Madison, and Hinshaw Addition to the Town of
Kennard, Indiana, running East 80 feet, thence North 72 feet, thence West 80 feet, thence South 80 feet to the
place of beginning.  Said real estate is taken off of West part of Lot 15 and 16 in Martindale, Madison, and
Hinshaw Addition to the Town of Kennard, County of Henry, Indiana.
ALSO,
A strip of ground 25 feet in width off of the North side of Lot 16 in Martindale, Madison, and Hinshaw's Addition to
the Town of Kennard, Henry County, Indiana.
ALSO,
A part of Lot 16 in Martindale, Madison, and Hinshaw's Addition to the Town of Kennard, Henry County, Indiana,
being more particularly described as follows, to-wit:
Beginning at a point in the West line of said Lot 16, 25 feet South of the Northwest corner thereof; thence South
on the West line of said Lot 16, 30 feet; thence East and parallel with the North line of said Lot 16, 80 feet; thence
North parallel with the West line of said Lot 16, 30 feet; thence West and parallel with the North line of said Lot 16,
80 feet to the place of beginning.

PAGE SCANNED

PAGE SCANNED

PAGE SCANNED

200405837

$12.00

HENRY COUNTY RECORDER

TMP Date 04/03/2008    Time 09:17:38
RECORDING FEES:              12.00
IN 200802056              Page 1 of 1

RETURN TO:  SLS/ Leah Boedeker
P.O. Box 36369          IN / HENRY
Houston, TX 77236       465_2605
BORROWERS: MARION DUDLEY

Loan Number:
FHA Loan No:                        smi# 0

## ASSIGNMENT of MORTGAGE AND OTHER LOAN DOCUMENTS

WELLS FARGO BANK, N.A., whose address is ONE HOME CAMPUS, DES MOINES, IA 50328 ("Assignor"), in consideration of Ten Dollars ($10.00) and other good and valuable consideration received by Assignor, hereby assigns, transfers, sets over and conveys to THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, WASHINGTON, D.C., and his/her successors and assigns, without recourse, the following:

1.      that certain Mortgage dated 6/25/2004, and recorded Recorded on 07/07/04, Instrument/Document No. 200405836,  , among the land records of Henry County, Indiana, as amended or modified (the Mortgage), which Mortgage secures that certain promissory note dated 6/25/2004 (the "Note"); and
    Borrower:   MARION DUDLEY
    Recording Ref:   Recorded on 07/07/04,  Instrument/Document No. 200405836, Date of Mortgage 6/25/2004

2.      such other documents, agreements, instruments and other collateral that evidence, secure or otherwise relate to Assignor's right, title or interest in and to the Mortgage and/or the Note, including without limitation the title insurance policies and hazard insurance policies that might presently be in effect.

TO HAVE AND TO HOLD unto Assignee and its successors and assigns forever.

IN WITNESS WHEREOF, Assignor has caused this Assignment to be executed and delivered by its duly authorized officer as of the 4 day of December, 200 7.

Name and Address of Assignee:                    WELLS FARGO BANK, N.A.,

Secretary of Housing and Urban Development       By:
451 7th Street, S.W.
Washington, D.C. 20410                           HOLLY LOMBARD
                                                 VICE PRESIDENT LOAN DOCUMENTATION

### ACKNOWLEDGMENT

STATE OF IOWA
COUNTY OF DALLAS
The foregoing instrument was acknowledged before me on Dec 4, 200 7 by HOLLY LOMBARD as VICE PRESIDENT LOAN DOCUMENTATION for WELLS FARGO BANK, N.A., in the capacity noted in the foregoing instrument.

Prepared by:
SLS
Nicole Grant
9700 Bissonnet, Suite 1500
Houston, TX 77036

Notary Public
My commision expires

MICHELLE CASTELLANO
Commission Number 712785
My Commission Expires
September 28, 2010

GOVERNMENT EXHIBIT
C

## CERTIFICATE OF DEATH
### HANCOCK COUNTY DEPARTMENT OF HEALTH
GREENFIELD, INDIANA

THIS IS TO CERTIFY, That our records show:  MARION E. DUDLEY

DIED            June 13, 2008          AT   7:35      PM          AT  GREENFIELD, INDIANA

AGE AT DEATH   91  YEARS  SEX  FEMALE      RACE  WHITE        MARITAL STATUS  WIDOWED

IMMEDIATE CAUSE OF DEATH            PERITONITIS


CERTIFIED BY      JOHN  HITTLE , PHYSICIAN

GREENFIELD, INDIANA

PLACE OF BURIAL OR REMOVAL                              DATE OF BURIAL 06/18/2008
HARLAN CEMETERY

WILKINSON, INDIANA

FUNERAL HOME      CONDO & SON FUNERAL HOME

RECORD WAS FILED     06/16/2008              BOOK NO.  42          PAGE NO.   59


ISSUED ON    06/16/2008

(Health Officer)



GOVERNMENT EXHIBIT
D

```
201000206 MISC        $11.00
01/12/2010 10:13:23A 1 PGS
Susie Hufford
Henry County Recorder  IN
Recorded as Presented
```

**KENNARD WASTEWATER UTILITY**
P.O. BOX 167
KENNARD, IN 47351
Phone 765-785-2331
Fax 765-785-2062

<u>RECORDING OF SEWER LIEN</u>

FOR A VALUABLE CONSIDERATION, THE RECEIPT WHEREOF IS HEREBY ACKNOWLEDGED, A
CERTAIN SEWAGE LIEN EXISTING IN FAVOR OF:

KENNARD WASTEWATER UTILITY
P.O. BOX 167
KENNARD, IN 47351

AND AGAINST:   Marion Dudley
               P.O. Box 227
               Kennard, IN 47351

**FILED**

IJAN 21 2011,

AUDITOR, HENRY COUNTY

<u>Sewer Charge:</u> 234. 84
<u>Sewer Penalty:</u> includes 10% late fees
<u>Lien Fee:</u>    44. 00

<u>Amount:</u> $278. 84
<u>Account</u>  183
<u>Year:</u>  2010

ON THE FOLLOWING REAL ESTATE TO WIT: 105 W Madison, Kennard, IN 47351
UNIT #          <u>KEY TAX#</u> 019-03922-00
<u>LEGAL DESCRIPTION:</u>  H. m. & m. Add 30' x 80' W. End

A WRITTEN NOTICE OF AN INTENTION TO HOLD LIEN WHICH IS TO BE FILED IN THE OFFICE OF
THE RECORDER OF HENRY COUNTY, STATE OF INDIANA.

THIS INSTRUMENT PREPARED BY  Julie Snyder  CLERK TREASURER
I AFFIRM UNDER THE PENALTIES FOR PERJURY, THAT I HAVE TAKEN REASONABLE CARE TO REDACT EACH SOCIAL SECURITY NUMBER IN THIS DOCUMENT.
UNLESS REQUIRED BY L. Julie Snyder  JULIE SNYDER, CLERK TREASURER      DATE

THIS 12 DAY OF Jan  20 10   NOTARY PUBLIC  Gretchen Harris
                                          GRETCHEN HARRIS

My commission expires
1/09/14

GOVERNMENT
EXHIBIT
E

Tue  Oct 18 2011  11:40:27

Page:   1

**CHRONOLOGICAL CASE SUMMARY**
**, TAX WARRANTS**
FOR CAUSE NO: 07812647
STATE V MARION DUDLEY
TAX WARRANT

ACTION:

DATE FILED:          4/5/2010
ORIG FILE DATE:      4/5/2010

**ENTRY/FEE BOOK: 1      PAGE: 1**

| ATTORNEYS | PARTIES |
|---|---|
| | PLAINTIFF STATE OF INDIANA |
| | PRIMARY TAXPAYOR MARION E DUDLEY 1631 GRAND AVE NEW CASTLE IN 47362-3225 |

**CHRONOLOGICAL SUMMARY OF FILINGS AND PROCEEDINGS**

04/05/2010    Notice: N                    RJO: N                    TWN

WARRANT TYPE: ORIGINAL      TAX TYPE: Individual Income
AMOUNT OF TAX:     $61.00   TOTAL TO COLLECT:     $79.86
TAXPAYER NAME: MARION E DUDLEY
ADDRESS: 1631 GRAND AVE NEW CASTLE IN 47362-3225

GOVERNMENT
EXHIBIT
F

FILED

STATE OF INDIANA

OCT 1 7 2008

IN THE HENRY CIRCUIT COURT

COUNTY OF HENRY, SS:

CLERK HENRY CIRCUIT COURT   CASE NO.   33C01- 0 8 1 0  -EU 0 0 5 6

IN THE MATTER OF THE
ESTATE OF MARION E.
DUDLEY, DECEASED.

ORDER ON
PETITION FOR PROBATE OF SELF-PROVED WILL
AND NO ADMINISTRATION

Bridgette M. Martin, Petitioner, filed a Petition for Probate of Self-proved Will and No
Administration and submitted to the court a written instrument dated August 25, 2004,
purporting to be the last will of Marion E. Dudley.  The Court, being advised, makes these
findings.

1.      The decedent died on or about June 13, 2008.

2.      The decedent's last will was executed in all respects according to law.

3.      The name and business address of the attorney who prepared the Petition For
Probate Of Self-Proved Will And No Administration is:  Nancy S. Brown, BROWN AND
BROWN, 116 N. Main St., New Castle, IN 47362.

IT IS ORDERED that the written instrument dated August 25, 2008, purporting to be the
last will of the decedent is admitted to probate and record as the Will of Marion E. Dudley.

DATED: _10- 16 - 08_____

APPROVAL RECOMMENDED

PROBATE COMMISSIONER

JUDGE, HENRY CIRCUIT COURT

Copies to: Nancy S. Brown

GOVERNMENT
EXHIBIT
G

1301-0 8 1 0 -EU- 0 0 5 6

# LAST WILL AND TESTAMENT
# OF

### MARION DUDLEY

I, **MARION DUDLEY**, also known as, Marion E. Dudley, a legal resident of Henry County, Indiana, being of sound and disposing mind and memory, make, publish and declare this to be my Last Will and Testament, revoking any and all prior wills.

#### ITEM ONE

I nominate and appoint my sons, Lester L. Dudley and Larry M. Dudley to be Co-Personal Representatives of this my Last Will and Testament. In the event that one of them is unable or unwilling to serve, I then appoint the other to act as Personal Representative.

#### ITEM TWO

I direct that my just debts and liabilities be paid as soon as practicable after my death.

#### ITEM THREE

I direct that my estate be administered as an unsupervised estate pursuant to the applicable laws pertaining thereto and that no bond be required.

Dated: August 25, 2004

_Marion E. Dudley_
**MARION DUDLEY**

Page 1 of 4

## ITEM FOUR

Michael Leon Dudley is to have: the antique oak square table with glass ball feet, which belongs to him; and his safe with any contents that may belong to him (some of his coins are presently in the safe).

My Granddaughter Brenda is to have the iron Dutch oven from Dr. Kuhn.

My Granddaughter Amy is to have the Narumi China service for twelve.

My Granddaughter Bridgette is to have my kitchen table and chairs, and my antique baby chair.

My Grandson Parnelli is to have my television set.

My Granddaughter Kim is to receive the sterling silver service for eight. She has already received an antique dresser.

Karen D. Martin is to have the bedroom suit that she bought for me, as well as the iron bed upstairs that she bought.

## ITEM FIVE

I direct that my house be sold at public auction or listed with a realtor, whichever would bring more money. Any household or other personal property not disposed of by specific bequest is to be sold at auction to the highest bidder. If any child wants to buy the house or any personal property they may buy it through the realtor or bid on it at auction, by making the highest offer or highest bid. Proceeds from the sale of these items shall pass through my residuary clause below

Dated: August 25, 2004

_Marion Dudley_
**MARION DUDLEY**

Page 2 of 4

## ITEM SIX

The rest and residue of my estate is to be sold and the proceeds divided equally among Lester L. Dudley, Larry M. Dudley, Michael L. Dudley and Karen D. Martin. In the event that any child predeceases me, then that child's share is to go to that child's children equally.

IN WITNESS OF, I have signed this will on **August 25, 2004.**

_____
**MARION DUDLEY**

Signed, Published and Declared by the said **MARION DUDLEY** as and for her Last Will and Testament in our presence, and we, at her request and in her presence, and in the presence of each other, have signed this will as subscribing witnesses on **August 25, 2004.**

_____
**WITNESS**

_____
**WITNESS**

Under the penalties for perjury, we, **MARION DUDLEY**, and the undersigned witnesses respectively, whose names are signed to the attached or foregoing instrument dated **August 25, 2004** and designated as the Last Will and Testament of **MARION DUDLEY**, declare that:

    (1)    **MARION DUDLEY** executed the instrument as her Last Will;

    (2)    In the presence of the witnesses, **MARION DUDLEY** signed or acknowledged her signature;

    (3)    **MARION DUDLEY** executed the Will as her free and voluntary act for the purposes

expressed in it;

(4)     Each of the witnesses, in the presence of **MARION DUDLEY** and of each other,

signed the Will as witnesses:

(5)     **MARION DUDLEY** was of sound mind; and

(6)     To the best of their knowledge **MARION DUDLEY** at the time was eighteen (18)

or more years of age.

Dated: August 25, 2004

_____
WITNESS

_____
**MARION DUDLEY**

_____
WITNESS

Page 4 of 4

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| | |
| **(b)** County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❑ 1 U.S. Government
    Plaintiff

❑ 3 Federal Question
    *(U.S. Government Not a Party)*

❑ 2 U.S. Government
    Defendant

❑ 4 Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place<br>of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a<br>Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance<br>❑ 120 Marine<br>❑ 130 Miller Act<br>❑ 140 Negotiable Instrument<br>❑ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>❑ 151 Medicare Act<br>❑ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>❑ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>❑ 160 Stockholders' Suits<br>❑ 190 Other Contract<br>❑ 195 Contract Product Liability<br>❑ 196 Franchise | **PERSONAL INJURY**<br>❑ 310 Airplane<br>❑ 315 Airplane Product<br>  Liability<br>❑ 320 Assault, Libel &<br>  Slander<br>❑ 330 Federal Employers'<br>  Liability<br>❑ 340 Marine<br>❑ 345 Marine Product<br>  Liability<br>❑ 350 Motor Vehicle<br>❑ 355 Motor Vehicle<br>  Product Liability<br>❑ 360 Other Personal<br>  Injury<br>❑ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>❑ 365 Personal Injury -<br>  Product Liability<br>❑ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>❑ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>❑ 370 Other Fraud<br>❑ 371 Truth in Lending<br>❑ 380 Other Personal<br>  Property Damage<br>❑ 385 Property Damage<br>  Product Liability | ❑ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>❑ 690 Other | ❑ 422 Appeal 28 USC 158<br>❑ 423 Withdrawal<br>  28 USC 157<br><br>**PROPERTY RIGHTS**<br>❑ 820 Copyrights<br>❑ 830 Patent<br>❑ 840 Trademark<br><br>**LABOR**<br>❑ 710 Fair Labor Standards<br>  Act<br>❑ 720 Labor/Management<br>  Relations<br>❑ 740 Railway Labor Act<br>❑ 751 Family and Medical<br>  Leave Act<br>❑ 790 Other Labor Litigation<br>❑ 791 Employee Retirement<br>  Income Security Act | ❑ 375 False Claims Act<br>❑ 400 State Reapportionment<br>❑ 410 Antitrust<br>❑ 430 Banks and Banking<br>❑ 450 Commerce<br>❑ 460 Deportation<br>❑ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>❑ 480 Consumer Credit<br>❑ 490 Cable/Sat TV<br>❑ 850 Securities/Commodities/<br>  Exchange<br>❑ 890 Other Statutory Actions<br>❑ 891 Agricultural Acts<br>❑ 893 Environmental Matters<br>❑ 895 Freedom of Information<br>  Act<br>❑ 896 Arbitration |
| **REAL PROPERTY**<br>❑ 210 Land Condemnation<br>❑ 220 Foreclosure<br>❑ 230 Rent Lease & Ejectment<br>❑ 240 Torts to Land<br>❑ 245 Tort Product Liability<br>❑ 290 All Other Real Property | **CIVIL RIGHTS**<br>❑ 440 Other Civil Rights<br>❑ 441 Voting<br>❑ 442 Employment<br>❑ 443 Housing/<br>  Accommodations<br>❑ 445 Amer. w/Disabilities -<br>  Employment<br>❑ 446 Amer. w/Disabilities -<br>  Other<br>❑ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>❑ 463 Alien Detainee<br>❑ 510 Motions to Vacate<br>  Sentence<br>❑ 530 General<br>❑ 535 Death Penalty<br>**Other:**<br>❑ 540 Mandamus & Other<br>❑ 550 Civil Rights<br>❑ 555 Prison Condition<br>❑ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | **IMMIGRATION**<br>❑ 462 Naturalization Application<br>❑ 465 Other Immigration<br>  Actions | **SOCIAL SECURITY**<br>❑ 861 HIA (1395ff)<br>❑ 862 Black Lung (923)<br>❑ 863 DIWC/DIWW (405(g))<br>❑ 864 SSID Title XVI<br>❑ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>❑ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>❑ 871 IRS—Third Party<br>  26 USC 7609 | ❑ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>❑ 950 Constitutionality of<br>  State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

❑ 1 Original
  Proceeding

❑ 2 Removed from
  State Court

❑ 3 Remanded from
  Appellate Court

❑ 4 Reinstated or
  Reopened

❑ 5 Transferred from
  Another District
  *(specify)*

❑ 6 Multidistrict
  Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A **CLASS ACTION**
  UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❑ Yes ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
                                                                                                    .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

                                        _____
                                                    *Server's signature*

                                        _____
                                                    *Printed name and title*

                                        _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

_____
*Plaintiff(s)*

v.                                              Civil Action No.

_____
*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td>*Plaintiff(s)*</td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td>*Defendant(s)*</td><td>)</td><td></td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____           _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td><em>Plaintiff(s)</em></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td><em>Defendant(s)</em></td><td>)</td><td></td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| ) | |
| ) | |
| ) | |
| ) | |
| _____ ) | |
| *Plaintiff(s)* ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | |
| ) | |
| _____ ) | |
| *Defendant(s)* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

&#10065; I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

&#10065; I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

&#10065; I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

&#10065; I returned the summons unexecuted because _____ ; or

&#10065; Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

_____

*Plaintiff(s)*

v.                                          Civil Action No.

_____

*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____                    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: